FORTUNATO COLANTUONI, appellant,

*v.*

MAX L. BALENE, respondent·

[Decided January 24th, 1923.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"Defendant is the lessee of certain real property for the term of twenty-one years, commencing March 1st, 1918. By the terms of his lease he was required to and did deposit with his landlord $5,000 as security for the performance of his covenants contained in the lease. On December 27th, 1918, he sublet the property to complainant at an annual rent of $6,500, for a term to end December 31st, 1928, by a written lease which contained the following provision:

"'The said tenant has deposited with the landlord the sum of thirty-five hundred ($3,500) dollars, receipt whereof is hereby acknowledged, to secure the faithful performance by the tenant of all

the terms, covenants, conditions and agreements on the part of the tenant to be performed, as hereinbefore or hereinafter contained; it being understood and agreed that if the tenant shall keep and perform all the terms, covenants, conditions and agreements hereinbefore or hereinafter agreed to be performed on his part and behalf and pay the rent and all other sums by him to be paid as hereinbefore and hereinafter contained, said landlord will, on the 1st day of January, 1929, refund to him the balance then unpaid, after the deduction of any damages and payments to secure which the said sum is deposited; it being understood and agreed that the landlord will allow the tenant four and one-quarter per cent. rate of interest annually on the balance then unpaid, on the first day of January of each and every year during the term hereof.'

"On or about December 1st, 1919, complainant assigned his lease, with defendant's consent in writing, which consent was given subject to the express proviso that it should not be construed to give complainant the right to claim or demand the said deposit of $3,500 and that the same should continue to be and remain as a deposit for the faithful performance of all the terms and conditions of the lease made by defendant to complainant.

"Complainant charges that defendant holds the sum of $3,500 as trustee for complainant and because defendant admits that he has mingled the money with his own funds and has dealt with it as his own and intends to continue to so deal with it during the period he is entitled to hold it, that the fund should be safeguarded by a decree of this court, and to that end complainant prays that the fund be decreed to be paid to a receiver to be appointed by this court, or to the clerk of this court, to be held for the benefit of complainant and defendant in accordance with the terms of their agreement.

"It is complainant's contention that where a person has or accepts the possession of money, with the express understanding that he is not to hold it as his own absolute property, but is to hold it for certain specified purposes, a valid and enforceable trust exists and the trustee is subject to the directions of this court in the event that he shall violate his duties as trustee. The application of this proposition, however, depends upon the agreement or transaction under which

the money came into possession, and when the agreement
or transaction is examined it may be found that it was not
the intention of the parties to create a trust but to enter
into some ordinary contractual relation. When the transac-
tion and agreement in this case are examined, it will be
found that it was the intention of complainant and defendant
to create the relation of pledgor and pledgee and not of
trustee and *cestui que trust*. *Kaufman* v. *Williams, 92 N. J.
Law 182*. The deposit was made by complainant as collateral
security for the performance of his covenants and agreements
contained in the lease. The title to a sum of money equivalent
to the deposit remained in him and the right to its possession,
coupled with a special interest in it for the purpose for which
it was pledged, passed to defendant. *Security Trust Co.* v.
*Edwards, 90 N. J. Law 558,* and cases cited. The lease or
agreement gives defendant the right to hold the sum de-
posited until January 1st, 1929, and it makes it his duty to
repay it on that day to complainant, provided complainant
has fulfilled the terms of the agreement. Any unauthorized
use or disposition of the sum deposited which would put it
out of defendant's power to repay it would constitute a con-
version. *Donnell* v. *Wyckoff, 49 N. J. Law 48; Dimock* v. *U.
S. National Bank, 55 N. J. Law 296*. Nothing is to be found
in the agreement which defines the manner in which defend-
ant shall hold or invest the fund. It certainly was not the
intention of the parties that the identical bank bills deposited
should be returned to complainant, and it appears clearly
that the defendant was entitled to make some use of the
money whereby profit, interest or income would accrue on it,
at least to the extent of four and one-quarter per cent. per
annum, because that rate of interest is to be paid by de-
fendant to complainant annually. Defendant appears to
have invested the money in his business, which is the pur-
chase, sale and development of real estate. It is admitted
that he has an equity in his real estate holdings of at least
$30,000 above all liens and encumbrances thereon and in
excess of the $3,500, and therefore is not insolvent. I do not
think that his failure to keep the fund intact or that the man-

ner in which he has invested and thus holds it, is unauthorized under the agreement between the parties and amounts to a conversion, and I am not willing, on the state of facts here developed, to alter the terms of the agreement by taking the deposit from the possession of defendant and delivering it to some other person and thus subject defendant, should the occasion arise, to inconvenience, delay and probable expense in satisfying a new depositary that he is entitled to receive some or all of it to answer some default by complainant under the agreement.

"It is conceded that no payment of interest, as provided by the agreement, has been made by defendant to complainant. I do not regard this breach of the agreement as ground for the intervention of this court by the appointment of a receiver of the fund, or for a decree in favor of complainant for the amount of such interest. Complainant has a complete remedy at law to secure the interest due him.

"The bill of complaint will be dismissed."

*Messrs. Insley, Vreeland & Decker,* for the appellant.

*Messrs. Autenreith & Gannon,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, CLARK—13.

*For reversal*—None.